## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOHN M. McVEIGH, SR., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:11-cv-142-WTL-DKL |
| ) | |
| CITY OF LAWRENCE-MAYOR ) | |
| PAUL RICKETTS, et al. ) | |
| ) | |
| Defendants. ) | |

### Entry Discussing Motions to Dismiss

For the reasons explained in this Entry, the defendants' motions to dismiss are granted.

### Background

To satisfy the notice-pleading standard of the *Federal Rules of Civil Procedure,* a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the *Federal Rules of Civil Procedure* provides for the dismissal of an action where a complaint fails to "state a claim upon which relief can be granted." The purpose of a motion to dismiss for failure to state a claim upon which relief can be granted is to test whether, as a matter of law, a plaintiff is entitled to relief even if the factual allegations contained in the complaint are taken as true. Such motions challenge the legal sufficiency of the complaint. *See Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

"A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)). To survive dismissal under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.,* 581 F.3d 599, 602–03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.,* at 603. Additionally, "a party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims." *Massey v. Merrill Lynch & Co.,* **464 F.3d 642, 650 (7th Cir. 2006).**

## Discussion

The plaintiff in this action is John McVeigh, Sr. The defendants are: the City of Lawrence; City of Lawrence Mayor Paul Ricketts; Lawrence police detectives/officers Don Deputy, Tracey Cantrell and Thomas Zentz, former Marion County Sheriff Frank Anderson; and current Marion County Sheriff John Layton.

McVeigh's claims are asserted pursuant to 42 U.S.C. § 1983 and are based on his arrest on January 31, 2009, and the conditions of his confinement while subsequently housed in the Marion County Jail. As noted, the defendants have filed motions to dismiss and McVeigh has not responded to these motions.

McVeigh's claims are asserted pursuant to 42 U.S.C. § 1983. The principles applicable to the resolution of these claims are the following:

- "Title 42 U.S.C. § 1983 creates a federal cause of action for 'the deprivation, under color of [state] law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States.'" *Ledford v. Sullivan,* **105 F.3d 354, 356 (7th Cir. 1997)** (quoting *Livadas v. Bradshaw,* **512 U.S. 107, 132 (1994)**). "A cause of action under § 1983 requires a showing that the plaintiff was deprived of a right secured by the Constitution or federal law, by a person acting under color of law." *Thurman v. Vill. of Homewood,* **446 F.3d 682, 687 (7th Cir. 2006).**

- Claims brought pursuant to § 1983 cannot be based upon theories of vicarious liability or *respondeat superior. Ashcroft v. Iqbal,* **129 S. Ct. 1937, 1948 (2009);** *Polk County v. Dodson,* **454 U.S. 312, 325 (1981);** *Monell v. Dep't of Soc. Servs.,* **436 U.S. 658, 691 (1978).**

- "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal,* **129 S. Ct. at 1948.**

- Although a municipality is a "person" subject to suit under § 1983, *Monell,* **436 U.S. at 690-91,** a municipality can be found liable under § 1983 only if action pursuant to an official policy or custom of the municipality causes a constitutional tort.

- A claim against the defendant individuals in their official capacities is in all respects other than name against the municipal entities by which they are

employed. *Baxter v. Vigo County School Corporation,* 26 F.3d 728, 733 n.4 (7th Cir. 1994)(citing *Brandon v. Holt,* 469 U.S. 464, 471-72 (1985)).

The defendants have persuasively established the following:

     1.    There is no allegation of personal misconduct by any of the defendant individuals.

     2.    There is no claim of a municipal custom or policy of constitutional violation.

     3.    Just as there is no plausible basis for municipal liability, there is no basis in the complaint whereby the defendant individuals could be liable in their official capacities.

## Conclusion

The plaintiff's failure to respond to the motions to dismiss risked an adverse ruling. *Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1042 (7th Cir. 1999) ("If [judges] are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning."); *see also County of McHenry v. Ins. Co. of the West,* 438 F.3d 813, 818 (7th Cir. 2006) ("When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action.") (internal quotations omitted). That risk has become a reality.

The motions to dismiss [16] and [21] are granted. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

**Date:** 02/16/2012

                                                                    Hon. William T. Lawrence, Judge
                                                                     United States District Court
                                                                      Southern District of Indiana